**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DENNIS P. SEDOR and MICHELE SEDOR,**

                      **Plaintiffs,**

    vs.                                          **5:l8-CV-322
                                                   (MAD/ATB)**

**TOWN OF OWASCO, NEW YORK,**

                      **Defendant.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**GIACONA LAW, PC**                      **DOMINIC GIACONA, ESQ.**
9 Court Street
Auburn, New York 13021
Attorney for Plaintiffs

**OFFICE OF FRANK W. MILLER**        **CHARLES C. SPAGNOLI, ESQ.**
6575 Kirkville Road
East Syracuse, New York 13057
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      Plaintiffs commenced this action on December 6, 2017 in the Cayuga County Supreme Court, asserting a claim pursuant to 42 U.S.C. § 1983 and state law claims for declaratory judgment and equitable estoppel arising out of an easement that Plaintiffs allege Defendant granted them. *See* Dkt. No. 1-2. The complaint alleges that Plaintiffs were deprived of a protectable property interest without due process when Defendant passed resolutions that amended and then revoked a prior resolution that granted Plaintiffs an easement over property owned by Defendant. Plaintiffs allege that they are entitled to reinstatement of the resolution that

approved this interest. *See id.* at ¶¶ 17-20. Plaintiffs also contend that they were equitably estopped because they hired a contractor and surveyor in reliance on the resolution granting the easement. *See id.* at ¶¶ 21-25.

On March 15, 2018, Defendant removed this case to the United States District Court of the Northern District of New York pursuant 28 U.S.C. § 1446. *See* Dkt. No. 1. On May 9, 2018, Defendant filed motions to dismiss for failure to state a claim and lack of subject matter jurisdiction pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. *See* Dkt. No. 16. For the following reasons, Defendant's motion for failure to state a claim under Rule 12(b)(6) is granted.

## II. BACKGROUND

Plaintiffs are the owners of a piece of property known as 7125 Owasco Road in Auburn, New York. *See* Dkt. No. 1-2 at ¶ 1. On December 8, 2011, Plaintiffs appeared before the Town Board of Defendant to request an easement on an adjoining piece of property owned by Defendant. *See id.* The Town Board authorized an easement on the adjoining piece of property on the same date. *See* Dkt. No. 16-6 at 2; Dkt. No. 1-2 at ¶¶ 6-8. On December 30, 2011, the Town Board amended the December 8, 2011 resolution to make the easement conditional upon approval from the Town Planning Board and the Zoning Board of Appeals. *See* Dkt. No. 16-6 at 2; Dkt. No. 1-2 at ¶ 15.

After December 8, 2011, Plaintiffs and Defendant report different accounts of the events. Plaintiffs claim they hired a contractor to build the driveway and were advised by Defendant to stop construction after the driveway was complete. *See* Dkt. No. 1-2 at ¶¶ 9-13. Defendant claims Plaintiffs were notified not to perform any work on the property on January 2, 2012, but that Plaintiffs installed a driveway on January 6, 2012. *See* Dkt. No. 16-6 at 2. On February 9,

2012, the Town Board passed a resolution that revoked the December 8, 2011 resolution that granted Plaintiffs the easement. *See* Dkt. No. 16-6 at 2; Dkt. No. 1-2 at 3.

Plaintiffs filed their Summons with Notice on December 6, 2017 with the New York State Supreme Court for the County of Cayuga, alleging that the December 8, 2011 resolution is "binding" and should be "reinstated." *See* Dkt. No. 1-1; Dkt. No. 1-2 at ¶ 20; Dkt. No. 16-6 at 2. Plaintiffs also claim that they are owed damages under 42 U.S.C. § 1983 for violation of their due process rights and equitable estoppel for the construction of the driveway. *See* Dkt. No. 4-5.

On March 15, 2018, Defendants removed this case to the Northern District of New York. *See* Dkt. No. 1. On May 9, 2018, Defendants moved to dismiss all causes of action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 16. In their response memorandum of law, Plaintiffs argue they were estopped from filing their Section 1983 claim in a timely manner. *See* Dkt. No. 19 at 5-7.

### III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are

3

neither physically attached to, nor incorporated by reference into, the pleading.[1]  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

**B.      Statute of Limitations for 42 U.S.C. § 1983**

The determination of when a statute of limitations began to run is generally a factual one. *See Bice v. Robb*, 324 Fed. Appx. 79, 81 (2d Cir.2009).  Thus, a "motion to dismiss is often not the appropriate stage to raise affirmative defenses like the statute of limitations." *Ortiz v. City of*

---

[1] Plaintiffs and Defendant have included additional documents with their pleadings, including an affidavit of Plaintiff Dennis Sedor and the Town Board meeting minutes on the dates in question.  Since these documents are not integral to the complaint, they will not be considered by the Court.

4

*New York*, No. 10 Civ. 3576, 2010 WL 5116129, *1 (E.D.N.Y. Dec.13, 2010) (citation omitted). However, "where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

In Section 1983 actions, the applicable statute of limitations is the state's "general or residual statute for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)) (alterations omitted). In New York, a three year statute of limitations applies for personal injury actions and thus to Section 1983 actions. *See id.*; *see also* N.Y.C.P.L.R. § 214(5). Although state law provides the relevant limitations period, federal law determines when a Section 1983 action accrues, which is the time "when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (citation omitted). Thus, in determining when a particular claim accrues, courts must focus on when a "plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980). In "rare and exceptional" cases, the doctrine of equitable tolling or equitable estoppel may be invoked to defeat a defense that the action was not timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007).

"Under New York State law, 'equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Horn v. Politopoulos*, 628 Fed. Appx. 33, 34 (2d Cir. 2015) (quotation and other citation omitted); *see also Simcuski v. Saeli*, 44 N.Y.2d 442, 450 (1978). "To merit equitable estoppel, a plaintiff must allege either active fraudulent concealment or a

5

fiduciary relationship giving rise to the defendant's obligation to inform the plaintiff of the facts underlying the claim." *Id.* at 34-35 (citations omitted).

"Moreover, equitable estoppel is not available unless the plaintiff exercised due diligence in bringing an action." *Horn*, 628 Fed. Appx. at 35. "[T]he burden is on the plaintiff to establish that the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational." *Simcuski*, 44 N.Y.2d at 450; *see also Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007). Whether a plaintiff acted with due diligence in bringing her action within a reasonable time depends on all the relevant circumstances. *See Simcuski*, 44 N.Y.2d at 450. "The length of the legislatively prescribed period of limitations is sometimes said to be relevant, and courts have held that in no event will the plaintiff be found to have exercised the required diligence if his action is deferred beyond the date which would be marked by the reapplication of the statutory period, *i.e.*, that the length of the statutory period itself sets an outside limit on what will be regarded as due diligence." *Id.* at 450-51.

In the present matter, Plaintiffs allege that the Town Board revoked the original resolution on February 9, 2012. *See* Dkt. No. 1-2 at ¶¶ 15-16. Since this is the only alleged harm in the complaint, Plaintiffs' Section 1983 claim accrued on that date. Absent equitable estoppel, the statute of limitations for this claim expired on February 9, 2015.

Plaintiffs contend that equitable estoppel should apply because Defendant took actions that were intended "to lull Plaintiffs into delaying legal action[.]" Dkt. No. 19 at 6-7. Plaintiffs allege that they "clearly engaged in numerous discussions and negotiations with Defendant consistently in the years following the Town Board action, as part of their good faith efforts to resolve the issues without protracted litigation." *Id.* at 6. Plaintiffs claim that the Town's attorney "approached Plaintiffs persistently to discuss various means of reaching ultimate resolution of the

6

issues in question." *Id.* Plaintiffs claim that "[t]he most egregious example of Defendant's attempts to lull Plaintiffs into delaying legal action occurred in April of 2016, after Plaintiffs objected to granting the Town an easement to permit the construction of a sewer line on Plaintiffs' property. Following their refusal to sign the sewer easement, Defendant, through Town Attorney Galbato, convinced Plaintiffs that the Town would be inclined to formalize the December 2011 easement if the Plaintiffs were to first execute the sewer line easement." *Id.* at 7.

As discussed above, equitable estoppel may only be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action. *See Horn*, 628 Fed. Appx. at 34. Courts have consistently held that "[t]he mere existence of settlement negotiations is insufficient to justify an estoppel claim." *Grosz v. Museum of Modern Art*, 403 Fed. Appx. 575, 578 (2d Cir. 2010) (citing *Cranesville Block Co., Inc. v. Niagara Mohawk Power Corp.*, 175 A.D.2d 444 (3d Dep't 1991)). "Indeed, where 'there was never any settlement agreement[;] continued difficulties in trying to settle the matter[;] no fraud or misrepresentation by defendants[; and] no agreement or promise by defendants upon which plaintiffs relied in failing to commence their lawsuit within the requirement period,' equitable estoppel does not apply." *Id.* (quoting *Marvel v. Capital Dist. Transp. Auth.*, 114 A.D.2d 612 (3d Dep't 1985)).

Here, the allegations in the complaint and affidavit of Dennis Sedor make clear that, at best, Plaintiffs and Defendant were engaged in negotiations to avoid litigation. Such allegations are patently insufficient to warrant the application of equitable estoppel. *See Gun Hill Road Serv. Station, Inc. v. ExxonMobile Oil Corp.*, No. 08 Civ. 7956, 2013 WL 1804493, *6 (S.D.N.Y. Apr. 18, 2013); *Good Luck Prod. Co., Ltd. v. Crystal Cove Seafood Corp.*, 60 F. Supp. 3d 365, 373-74 (S.D.N.Y. 2014) (citing cases).

Moreover, Plaintiffs have the burden of demonstrating that the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational. *See Simcuski*, 44 N.Y.2d at 450. Plaintiffs filed their Section 1983 claim in state court on February 20, 2018, more than six (6) years after the claim accrued and more than three (3) years after the expiration of the statute of limitations. *See* Dkt. No. 1-2. Such a period of time is unreasonable as a matter of law. *See Simcuski*, 44 N.Y.2d at 450; *see also Gun Hill Road Serv. Station, Inc.*, 2013 WL 1804493, at *6.

Additionally, in his affidavit, Plaintiff Dennis Sedor alleges that conversations and discussions, "all entertained as part of a good faith effort to avoid any need for judicial intervention, occurred continuously through 2012 and 2013." Dkt. No. 18 at ¶ 28. The affidavit then skips ahead to 2015, and fails to allege any continued negotiations occurring in 2014. Such a period of inactivity further demonstrates that Plaintiffs did not diligently pursue their claims. *See Cooksey v. Digital*, No. 14-cv-7146, 2016 WL 5108199, *7 (S.D.N.Y. Sept. 20, 2016).

Based on the foregoing, the Court grants Defendant's motion to dismiss as to Plaintiffs' claim brought pursuant to 42 U.S.C. § 1983.

## C.  Substantive and Procedural Due Process

Even if Plaintiffs' due process claims were timely, they would still be subject to dismiss. As Defendant correctly notes, to the extent that Plaintiffs are attempting to allege a procedural due process claim, the claim must be dismissed because Plaintiffs could have proceeded through an Article 78 proceeding, which is an adequate post-deprivation remedy. *See Kelly v. McGuire*, 12 Fed. Appx. 36, 37 (2d Cir. 2001) (citation omitted); *Ahmed v. Town of Oyster Bay*, 7 F. Supp. 3d 245, 254-55 (E.D.N.Y. 2014). As to any substantive due process claim, Defendant's alleged conduct falls far short of being "'so egregious, so outrageous, that it may fairly be said to shock

8

the contemporary conscience.'" *Ahmed*, 7 F. Supp. 3d at 256 (quotation omitted); *Ferran v. Town of Nassau*, 471 F.3d 363, 369-70 (2d Cir. 2006) (holding that evidence showing at most "incorrect or ill-advised" infringement of the plaintiffs' alleged easement did not amount to a substantive due process violation).

Based on the foregoing, the Court finds that, in the alternative, Plaintiffs' due process claim is subject to dismissal on the merits.

**D.     State Law Claims**

The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal-law claims are eliminated before trial. *See Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "When a district court declines to exercise supplemental jurisdiction in a case removed from State court, it has discretion either to dismiss the claims without prejudice or to remand the claims." *Bhattacharya v. SUNY Rockland Comm. Coll.*, 719 Fed. Appx. 26, 28 (2d Cir. 2017) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988)).

Having determined that all of the claims over which it has original jurisdiction should be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law causes of action. Having reviewed Plaintiffs' remaining state law claims, the Court finds that dismissal without prejudice is appropriate because it is more than likely that a state court would find Plaintiffs' remaining claims to be untimely. *See Robbins v. City of New York*, 254 F. Supp. 3d 434, 440 (E.D.N.Y. 2017) (dismissing the case without prejudice instead of remanding to state court because the court believed that the plaintiff and her counsel "should consider whether the

9

case has enough merit to warrant a second filing fee and recommencement" and further explaining why remand under section 1447 was not mandated because declining to exercise supplemental jurisdiction is not the same as lacking subject matter jurisdiction).

Accordingly, Plaintiffs' state law claims are dismissed without prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' Section 1983 due process claim is **DISMISSED as untimely**; and the Court further

**ORDERS** that Plaintiffs' state law claims are **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order upon Plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 24, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge